IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| Amy Lee M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:21-cv-044 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Amy Lee M. applied for Title II Disability Insurance Benefits (DIB) and for Title XVI Supplemental Security Income (SSI), under the Social Security Act, 42 U.S.C. § 401, *et seq.*, alleging disability due to multiple sclerosis, vision problems, depression, and migraine headaches. Plaintiff seeks review of the Commissioner's decision denying her application. (ECF No. 20.)[1] After careful consideration of the entire record and the parties' briefs, the Commissioner's decision is reversed and remanded for the reasons set forth herein.[2]

## BACKGROUND

Ms. M,[3] filed for benefits in November 2017 alleging disability beginning January 1, 2011 due to multiple sclerosis, vision problems, depression, and migraine headaches. Tr. 17.[4] Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing

---

[1] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] This order grants Plaintiff's Motion for Review of Agency Action. (ECF No. 20.)

[3] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[4] Tr refers to the transcript of proceedings.

before an Administrative Law Judge (ALJ). Following the hearing the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[5] The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

In his decision the ALJ found Plaintiff had the following severe impairments: major depressive disorder, anxiety disordcer, mild neurocognitive disorder, and relapsing remitting multiple sclerosis (RRMS). Tr. 20. None of these impairments, either singularly or in combination, were found to meet or equal a listed impairment. The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a). After considering the medical evidence, the ALJ determined that Plaintiff could not perform past relevant work as an assistant manager, collection clerk and waitress. However, at step five of the sequential evaluation process, the ALJ found that Plaintiff could perform other jobs that exits in significant numbers in the national economy. These include document preparer, cut and paster, and photocopy machine operator. Tr. 27. Plaintiff appealed the decision to the Appeals Council. The Council affirmed and Plaintiff then filed this action.

---

[5] The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

    1. The ALJ must first consider work activity and determine whether a claimant is engaged in substantial gainful activity. A claimant who is engaged in substantial gainful activity is not disabled.

    2. The severity of medical impairments is considered at the second step determining whether any are "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3. At step three, the ALJ must determine if any impairments meet or equal certain impairments described in Appendix 1 of the regulations.

    4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether the claimant can perform his past work despite any limitations.

    5. If the claimant does not have the residual functional capacity to perform past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Williams v. Bowen* 844 F .2d 748, 750–52 (10th Cir.1988).

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

**ANALYSIS**

Plaintiff asserts a single claim of error arguing the ALJ's Residual Functional Capacity (RFC) determination is not supported by substantial evidence because the ALJ failed to properly weigh the opinion evidence of record. Specifically, Plaintiff points to Social Security Ruling 96-8p asserting the ALJ failed to properly evaluate the opinion of Cortnee Roman FNP-C.

Social Security Ruling 96–8p is a statement of the Social Security Administration's policies and policy interpretations regarding the assessment of RFC in initial claims for disability benefits under Titles II and XVI of the Social Security Act. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996). RFC is an assessment of the claimant's ability "to do

sustained work-related physical and mental activities in a work setting" for eight hours a day, five days a week, or the equivalent thereof. *Id*. at *1. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.* at *2. A claimant's RFC is the most the individual can do despite his or her limitations or restrictions. *See id.* at *5.

In formulating a claimant's RFC, an ALJ is to account for all medical and vocational limitations resulting from the claimant's impairments. *See Coleman v. Barnhart*, 92 F. App'x 454, 456 (9th Cir. Feb. 23, 2004); 20 C.F.R. § 416.945(a)(2) (providing that the ALJ must "consider all of [a claimant's] medically determinable impairments ..., including [the claimant's] medically determinable impairments that are not 'severe,' " when assessing the claimant's RFC); SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

On January 18, 2017, the SSA adopted new rules for the evaluation of opinion evidence applicable in considering the opinion of FNP-C Roman. *See* 82 FR 5844-01, 2017 WL 168819. Prior to this change, the framework for analyzing the opinions of medical sources was provided for by what was termed the "Treating Physician Rule", which originated in circuit court decisions and was later formally adopted by the Social Security Administration in a 1991 Rule. *See Crystal R. E. v. Kijakazi*, No. 20-cv-00319-SH, 2022 WL 446023, at *3 (N.D. Okla. Feb. 14, 2022) (discussing the history of the Treating Physician Rule). The new rules moved away from assigning a "weight" to a particular medical opinion and instead, focus on the "persuasiveness" of an opinion. Now, the ALJ does not "defer to give any specific evidentiary weight ... to any

medical opinion(s) ....." 20 C.F.R. § 404.1520c(a). Rather, the ALJ evaluates the persuasiveness of all medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including length, purpose, and extent of treatment relationship, frequency of examinations, and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict an opinion. *Id*. § 404.1520c(a) & (c). Supportability and consistency are the most important factors, and the ALJ should always explain how he considered those factors in the decision. *Id*. § 404.1520c(b)(2).

Supportability refers to relevant objective medical evidence supporting the explanations presented by a medical source. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1).

Consistency looks to view and compare the evidence from other medical sources and nonmedical sources. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

An ALJ is not required to articulate findings on the remaining factors, (3 through 5), unless there are two or more medical opinions about the same issue that are equally well-supported and consistent with the record but are not identical. *Id.* § 404.1520c(b)(3). If the record contains a medical source opinion, the ALJ still must consider and address it in the RFC assessment and if the RFC conflicts with the opinion, the ALJ "must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7. The claim for

disability in the instant matter was filed on November 13, 2017, so the new rules apply to the evaluation of opinion evidence.

Here, Plaintiff argues the ALJ's rejection of FNP-C Roman's opinion is not supported by substantial evidence because he failed to explicitly consider the supportability factor. The ALJ provided the following analysis in his decision:

> In December 2017, Cortnee Roman FNP-C completed a medical source statement and opined the claimant was capable of a less than full range of sedentary work (3F/2). She opined the claimant could sit four (4) hours in an 8-hour day and stand/walk four (4) hours in an 8-hour day (3F/2). She opined the claimant would require unscheduled breaks during the workday (Id). She determined the claimant exhibited postural limitations in handling, fingering, and reaching bilaterally (3F/2). Ms. Roman further found the claimant would be absent more than four (4) times per month due to her multiple sclerosis impairment (3F/3). This opinion is not persuasive as it is inconsistent with the record. Employment records just prior to December 2017 show the claimant is absent no more than one-half times per month rather than Ms. Roman's assessment of more than four (4) absences per month (20E).
>
> Ms. Roman also completed a mental residual functional capacity assessment (3F/4). She opined the claimant exhibits no limitations to moderate limitations in understanding, remembering, or applying information and no limitation to an extreme limitation in concentration, persistence or pace (3F/4-5). Though Ms. Roman has opined the claimant would be absent 4 times or more per month, the claimant's employment record demonstrates that between October 20 2016 and October 2017 demonstrate that the claimant left work early 6 times and missed work 1 time, over 12 months; or an average of ½ day per month (Ex. 20E). This opinion is not persuasive as it is vague and generally inconsistent with the medical evidence of record which supports no more than mild to moderate mental limitations (5F/2, 7F/1-7, 8F/2,7, 9F/24,40,49,61, 11F/4, 12F/3).

Tr. 25-26.

Plaintiff asserts this analysis is inadequate arguing there is other evidence in the record supporting FNP-C Roman's opinion. This evidence includes Plaintiff's own reports and other medical observations. In addition, Plaintiff argues FNP-C Roman's opinion is consistent with other evidence in the record noting reports from FNP Bawden, FNP Menning, Dr. Cutler, and Dr. Foley.

6

The court agrees that the ALJ's lack of considering the supportability of FNP-C Roman's opinion warrants a remand. The SSA regulations specifically provide that "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The mere fact that the outcome in this case may be the same upon remand, as suggested by the Commissioner who asserts harmless error, does not justify the failure to follow the regulations. Other cases in this circuit have made the same determination. *See Bruner v. Kijakazi*, No. CIV-20-374-STE, 2021 WL 5040301, at *4 (W.D. Okla. Oct. 29, 2021) (remanding based upon the ALJ's legal error in failing to consider supportability); *Lovato v. Saul*, 2021 WL 2894733, at *5 (D.N.M. July 9, 2021) (remanding based on the ALJ's failure to satisfy the regulations' "unambiguous articulation requirements" as to the persuasiveness of medical opinions). Thus, the ALJ's legal error in this regard warrants remand.

In addition, the court finds the ALJ erred in failing to distinguish between Plaintiff's part-time and full-time work. The ALJ's reliance on Plaintiff's work attendance in determining her RFC does not account for this distinction. The lack of missing work, or leaving work early, may be under reported because Plaintiff is only missing part-time, rather than full-time work. RFC is an assessment of the claimant's ability "to do sustained work-related physical and mental activities in a work setting" for eight hours a day, five days a week, or the equivalent thereof. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996) at *1. On remand the ALJ is instructed to provide further analysis on the differences between Plaintiff's full-time and part-time employment and how such employment relates to missing or leaving work early.

## CONCLUSION AND ORDER

As set forth above, the court concludes the ALJ committed legal error in failing to follow the regulations. Therefore, it is HEREBY ORDERED that the Commissioner's decision in this case is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this 23 August 2022.

Dustin B. Pead
United States Magistrate Judge